IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BJORN ERIK HAAPANIEMI a/k/a PETER LEE MORRIS,

        Petitioner,

v.

WARDEN, FCI JESUP,

        Respondent.

CIVIL ACTION NO.: 2:23-cv-83

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Bjorn Haapaniemi ("Haapaniemi"), who is housed at the Federal Correctional Institution in Jesup, Georgia, submitted a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Haapaniemi also filed a Motion to Correct Immigration Status, a Motion for Leave to Enter Documentation for an Additional Ground, a Motion to Amend, and a Motion for Relief. Docs. 6, 8, 9, 10. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Haapaniemi's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Haapaniemi *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Haapaniemi his suit is due to be dismissed. As indicated below, Haapaniemi will have the opportunity to present his

I **DENY as moot** Haapaniemi's Motions and observe Haapaniemi presents nothing in these Motions indicating he can proceed via § 2241.  In addition, Haapaniemi has filed another 28 U.S.C. § 2241 petition in Case Number 2:23-cv-121, and he requests the Court consolidate that cause of action with the instant cause of action.  Mot., <u>Haapaniemi v. Warden FCI Jesup Prison</u>, 2:23-cv-121 (S.D. Ga. Nov. 30, 2023), ECF No. 3.  Given the recommended disposition in this case, I **RECOMMEND** the Court **DENY** Haapaniemi's motion for consolidation.

## BACKGROUND

Haapaniemi was convicted, after pleading guilty, of stalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6), and mailing threatening communications, in violation of 18 U.S.C. § 876(d).  Amended J., <u>United States v. Haapaniemi</u>, 3:19-cr-78 (Dist. Alaska Mar. 18, 2021) ("Crim. Case"), ECF No. 188.  Haapaniemi was sentenced to 60 months in prison on the stalking count and to 48 months in prison on the communications count, for a total of 108 months in prison, to be served consecutively to each other and to Haapaniemi's sentence obtained in an Arizona state court.  Id.

Haapaniemi filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the District of Alaska.  Id. at ECF No. 111.  He argued his prosecution for the mailing threatening communications count violated his First Amendment right to free speech.  In addition, Haapaniemi argued the stalking charges should have been dismissed, as he only mailed letters and made no threats of bodily harm.  Haapaniemi asserted he was illegally detained and transported from Arizona to Alaska to face these federal charges.  Id.  The trial court denied

---

objections to this finding, and the presiding district judge will review de novo properly submitted objections.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; <u>see also</u> <u>Glover v. Williams</u>, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Haapaniemi's § 2255 motion, as well as his motion to amend, because Haapaniemi waived any claim of actual innocence in his plea agreement.[2]  Id. at ECF. No. 126.

Haapaniemi filed another § 2255 motion in the District of Alaska.  Id. at ECF No. 201.  In that motion, Haapaniemi contended his trial counsel rendered ineffective assistance of counsel because his counsel hid exculpatory evidence, did not provide all discovery, purposely drafted a "fake letter" to tamper with a witness, and was grossly negligent.  Id. at pp. 3–6, 18–19.  Haapaniemi stated he entered into the plea agreement under extreme duress, rendering his plea invalid.  Id. at pp. 6–14.  In addition, Haapaniemi contended the government suppressed evidence, engaged in prosecutorial misconduct, and maliciously prosecuted him.  Id. at pp. 14–17, 19–21.  Further, he asserted the government and the United States Probation Office hid evidence.  Id. at 18.  The Alaska court denied Haapaniemi's motion as an unauthorized second or successive motion but allowed Haapaniemi leave to re-file with permission from the Ninth Circuit Court of Appeals.  Id. at ECF No. 204.  Haapaniemi has filed a motion for compassionate release, which is still pending before the District Court for the District of Alaska.  Id. at ECF No. 217.

In the instant § 2241 Petition, Haapaniemi contends the indictment against him is invalid and his attorney and the prosecution acted fraudulently.  Doc. 1 at 2, 14–15.  Haapaniemi also contends his conviction is based on an invalid plea agreement.  Id. at 2, 6.  He asserts his attorneys rendered ineffective assistance.  Id. at 7.  In addition, Haapaniemi maintains the "manner in which [he] was taken into federal custody amount[s] to kidnapping and false arrest . . . ."  Id. at 8–13, 16.

---

[2]  Haapaniemi filed another § 2255 motion, which he moved to withdraw after the trial court amended the caption and judgment in the case to reflect Haapaniemi's correct name and aliases.  Crim. Case, ECF Nos. 176, 186, 190.

3

**DISCUSSION**

I. **Whether Haapaniemi Can Proceed Under § 2241**

Haapaniemi's Petition should be dismissed because it is an attack on his federal sentence that can only be made in compliance with § 2255, and Haapaniemi has not satisfied the requirements of § 2255. His Petition is barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's]

4

appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

5

The saving clause can be used in cases presenting "limited circumstances," but Haapaniemi does not present any of those circumstances in his instant Petition.[3] Haapaniemi is clearly challenging his sentence and conviction, which he freely admits. Doc. 1. This is the type of claim and requested relief § 2255 encompasses. It is clear Haapaniemi is not attacking the manner in which his sentence is being executed but his sentence itself. He would have been permitted to bring this type of claim in a motion to vacate (and did), and § 2255 provided Haapaniemi with an adequate procedure to test his claim. In fact, Haapaniemi already filed § 2255 motions with the sentencing court.

Further, Haapaniemi's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact Haapaniemi faces a bar against a second or successive § 2255 motion or other bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).

Section 2255 provided Haapaniemi an "adequate procedure" to test his conviction and sentence before the sentencing court. In fact, Haapaniemi used the § 2255 mechanism in the district of conviction and was not successful. Consequently, Haapaniemi cannot show § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving

---

[3] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Haapaniemi cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Haapaniemi leave to appeal *in forma pauperis*. Though Haapaniemi has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Haapaniemi's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Haapaniemi *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Haapaniemi's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Haapaniemi *in forma pauperis* status on appeal.  I **DENY as moot** Haapaniemi's Motions.  Docs. 6, 8, 9, 10.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA